■ MARY GROSSFIELD, Appellant, v. ABE GROSSFIELD, Respondent.— In an action by a wife for a judicial separation, in which a judgment of separation had been entered in the wife's favor, the wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County, dated July 25, 1963, as: (a) limited to $100 the award to her of a counsel fee to enable her to defend the husband's prior appeal from the judgment of separation; (b) denied her motion to punish the husband for contempt by reason of his refusal to pay for the orthodontia work upon the child of the parties, as directed by the judgment; and (c) denied to her a counsel fee for the making of the contempt motion. Order modified by: (a) amending its first decretal paragraph so as to increase from $100 to $250 the counsel fee to enable plaintiff to defend the appeal; and (b) adding a fourth decretal paragraph to the effect that the denial of plaintiff's motion to punish the

defendant for contempt is without prejudice to the renewal of such motion in the event that the defendant shall persist in a willful failure to pay for "the orthodontia work and needs" of the child. As so modified, the order, insofar as appealed from, is affirmed, with $10 costs and disbursements to the appellant wife. The defendant's time to pay the counsel fee, as increased, is extended until 10 days after entry of the order hereon. In our opinion, the provision in the separation decree directing the defendant "to provide for the orthodontia work and needs of the infant issue of the marriage" was authorized and proper (*Winkler* v. *Winkler*, 25 Misc 2d 938, affd. 13 A D 2d 924, affd. 11 N Y 2d 693; *Rosenthal* v. *Rosenthal*, 265 App. Div. 880; *Lechner* v. *Lechner*, 232 App. Div. 699). However, the record does not clearly establish that as of the date of the making of the plaintiff's motion the defendant had willfully or deliberately refused "to provide for the [boy's] orthodontia work and needs." Under all the circumstances, we believe that the award to plaintiff of a $100 counsel fee to enable her to oppose the defendant's appeal from the judgment of separation was inadequate to the extent indicated. Beldock, P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.